IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| James Schreiber, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:20-cv-1867 |
| | ) | |
| Harris & Harris, Ltd., an Illinois corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, James Schreiber, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.   Plaintiff, James Schreiber ("Schreiber"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for medical services to Franciscan Alliance.

4. Defendant, Harris & Harris, Ltd., ("Harris"), is an Illinois corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana. In fact, Harris was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Harris is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Harris conducts business in Indiana.

6. Defendant Harris is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On June 17, 2020, Mr. Schreiber and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Schreiber, S.D.Ind.Bankr. No. 20-03532-RLM-7. Among the debts included in the bankruptcy were debts he allegedly owed for medical services to Franciscan Alliance and Defendant Harris was listed in his bankruptcy as to various debts he owed to Franciscan Alliance, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit C.

8. Accordingly, on June 20, 2020, Defendant Harris was sent, via electronic transmission, notice of the bankruptcy by the court, while Franciscan Alliance was sent notice of the bankruptcy by the court, via U.S. Mail, on June 21, 2020, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim

Deadline, which is attached as Exhibit D.

9. Plaintiff's bankruptcy is a matter of public record, is in the files of the Defendant and the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant Harris sent Mr. Schreiber a collection letter, dated June 29, 2020, demanding payment of the Franciscan Alliance debt that is subject to his bankruptcy. A copy of this collection letter is attached as Exhibit E.

11. Defendant's violation of the FDCPA was material because Defendant's continued collection communications after Mr. Schreiber had filed for bankruptcy made him believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA. Defendant's collection actions alarmed, confused and distressed Mr. Schreiber.

12. All of Defendant Harris' collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Included In A Bankruptcy

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is subject to a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendant Harris' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notice issued by that court (Exhibits C and D), provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

21. Defendant Harris' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

24. Defendant Harris was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt (Exhibit D). Accordingly, Defendant was aware that Plaintiff was represented by an attorney in connection with the Franciscan Alliance debt before it mailed out the June 29, 2020 collection letter (Exhibit E).

25. By sending the collection letter directly to Mr. Schreiber, despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

26. Defendant Harris' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, James Schreiber, prays that this Court:

1. Find that Defendant Harris' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Schreiber, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James Schreiber, demands trial by jury.

                              James Schreiber,

                              By:/s/ David J. Philipps___
                              One of Plaintiff's Attorneys

Dated:  July 13, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com